NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TIMOTHY J. MILLER, | : | |
| Plaintiff, | : | Civil No. 08-3092 (AET) |
| v. | : | **MEMORANDUM & ORDER** |
| TRENTON POLICE, et al., | : | |
| Defendants. | : | |

THOMPSON, District Judge

    This matter is before the Court upon Defendants' Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56 [7]. The Court has decided this Motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.[1] For the reasons set forth below, Defendants' motion is granted.

**I.    Background**[2]

    Plaintiff Timothy Miller was arrested on the night of June 23, 2006 by officers of the Trenton Police Department. Plaintiff alleges that in the course of taking him into custody, the police officers beat him and then made him "lie face down on the hood of a hot running police car for nearly 1 hour" (Compl. "Statement of Claims"), resulting in several injuries. Within an hour after his arrest, the police took Plaintiff to the hospital where he received several stitches,

---

[1] Defendants filed their motion on October 14, 2008, and Plaintiff has not yet responded. The Court therefore proceeds to decide this motion based upon Plaintiff's Complaint and the Defendants' submissions.

[2] The facts in this section are drawn from Plaintiff's Complaint and the documents attached to Defendants' motion.

and the hospital staff recorded that Plaintiff suffered a head injury, facial and scalp bruising and a subconjunctival hemorrhage.[3] Plaintiff was released from the hospital that night and taken to the Trenton police headquarters.

The aftercare instructions provided by the hospital gave general wound care instructions, including an instruction that Plaintiff keep the stitches clean and dry and that he change any wet bandage to a dry one. Plaintiff was also prescribed ibuprofen. Plaintiff alleges, however, that when he arrived at police headquarters, the police failed to provide "the recommended dressings and treatment as prescribed by the ER physician" and refused to give Plaintiff the clean bandages his mother brought to the station. (Compl. "Statement of Claims.")

The Court construes Plaintiff's Complaint to be asserting two claims under 42 U.S.C. § 1983, one for excessive force, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures, and one for deliberate indifference to a pre-trial detainee's serious medical needs, in violation of Plaintiff's Fourteenth Amendment Due Process rights.[4] Defendants now move for summary judgment on Plaintiff's deliberate indifference claim.

**II.     Analysis**

Summary judgment is appropriate if, on the record, "there is no genuine issue as to any

---

[3] A subconjunctival hemorrhage is a "harmless collection of blood under the lining of the eye [which] does not cause pain or vision problems [and] needs no treatment." (Wilson Cert. Ex. B at 12-13.) The hospital notes reflect that Plaintiff did not need to remain in the hospital as a result of his head injury and that he should be woken up every few hours for the following day to check his condition. (Wilson Cert. Ex. B at 12.)

[4] Because the Eighth Amendment only applies to post-conviction prisoners, a claim of deliberate indifference to a pre-trial detainee's medical needs must be construed as a claim for violation of the Fourteenth Amendment right to Due Process. Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).

material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether summary judgment should be granted, the Court considers the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Alleged violations of a pre-trial detainee's Fourteenth Amendment Due Process right to medical care are analyzed under the same standard as a convicted prisoner's right to medical care under the Eight Amendment. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).[5] In order to establish a violation of the Eighth Amendment right to adequate medical care, the evidence must show (1) a serious medical need, and (2) acts or omissions by

---

[5] A pre-trial detainee's rights under the Fourteenth Amendment are "at least as great as" a convicted prisoner's rights under the Eighth Amendment. Natale, 318 F.3d at 581. While the Third Circuit in Natale recognized that a pre-trial detainee's rights under the Fourteenth Amendment may in fact be greater than a convicted prisoner's rights under the Eighth Amendment (but explicitly declined to decide the question), the Court noted that "[i]n previous cases, we have found no reason to apply a different standard than that set forth in Estelle ([the Supreme Court case] pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." Id. Following the Third Circuit's suggestion, this Court will analyze Plaintiff's Fourteenth Amendment claim under the Eighth Amendment standard. See also Tsakonas v. Cicchi, No. 07-4115, 2009 WL 500567, at n.1 (3d Cir. Jan. 30, 2009) (noting that the Third Circuit has still not decided whether the Fourteenth Amendment provides greater protection for pre-trial detainees than the Eighth Amendment provides for convicted prisoners).

prison officials that indicate deliberate indifference to that need.  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976) (establishing the standards for reviewing a claim of deliberate indifference to a prisoner's medical needs)).

      Defendants argue that the evidence in the record shows that they properly addressed Plaintiff's medical needs by taking him to the hospital and that therefore there is no genuine issue of material fact as to whether Defendants were indifferent to Plaintiff's medical needs.  The Court disagrees.  Plaintiff alleges that the Police failed to provide him with the proper dressings for his stitches *after* they returned from the hospital to the police station.  That the police initially took Plaintiff to the hospital does not address his claim for their indifference after that time.  Therefore, the Court finds that Defendants have failed to show that there is no genuine issue of material fact as to whether they were indifferent to Plaintiff's medical needs.

      However, the Court will nonetheless grant Defendants' motion for summary judgment on the deliberate indifference claim because it is clear from the record that Plaintiff's medical need – the need for fresh bandages – was not "serious" under Estelle.  "[T]he concept of a serious medical need, as developed in Estelle, has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences.  The detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death.  Moreover, the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991) (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987)).  Here, Plaintiff's alleged need for the prescribed dressings for his stitches

and those his mother brought to the police headquarters for him is not "serious" in that failing to address this need cannot "be expected to lead to substantial and unnecessary suffering, injury, or death." Id.  Therefore, the Court finds that there is no genuine issue of material fact as to whether Defendants were indifferent to Plaintiff's serious medical need in violation of his Fourteenth Amendment rights.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of April, 2009,

ORDERED that Defendant's Motion for Summary Judgment [7] is GRANTED.

                                                  s/ Anne E. Thompson
                                                  ANNE E. THOMPSON, U.S.D.J.